| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| In re:<br><br>**KEVIN V. GARLASCO**<br><br>               Debtor. | Case No. 15-30676 (JKS)<br><br>Chapter 11<br><br>Hon. John K. Sherwood, U.S.B.J. |

## INDIVIDUAL DEBTOR'S CHAPTER 11 COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT

This Combined Plan of Reorganization and Disclosure Statement is presented to you to inform you of the proposed Plan for restructuring the debt of Kevin V. Garlasco (the "Debtor") and to seek your vote to accept the Plan.

You are encouraged to carefully review the full text of this document, including all exhibits and attachments, before deciding how to vote on the Plan. To assist you in your review, please note that a list of definitions and a section of frequently asked questions appear at the end of this document.

**IN ADDITION TO CASTING YOUR VOTE TO ACCEPT OR REJECT THE PLAN, YOU MAY OBJECT TO THE ADEQUECY OF THE DISCLOSURES MADE IN THIS DOCUMENT, OR YOU MAY OBJECT TO THE TERMS OF THE PROPOSED PLAN. IF YOU WISH TO OBJECT TO THE ADEQUECY OF THE DISCLOSURES OR TO THE TERMS OF THE PROPOSED PLAN, YOU MUST DO SO BY** [OBJECTION DATE/TIME TO BE DETERMINED BY THE COURT]:

**YOUR BALLOT STATING HOW YOU ARE VOTING ON THE PLAN MUST BE RETURNED BY** [Deadline – to be determined by the Court]**. THE BALLOT MUST BE MAILED TO THE FOLLOWING ADDRESS:**

> **David L. Stevens**
> **Scura, Wigfield, Heyer & Stevens LLP**
> **P.O. Box 2031**
> **1599 Hamburg Turnpike,**
> **Wayne, NJ 07470**

**A HEARING ON THE CONFIRMATION OF THE PLAN IS SCHEDULED FOR** [HEARING DATE/TIME TO BE DETERMINED BY THE COURT] **IN COURTROOM NO. 3B AT THE:**

> **United States Bankruptcy Court**
> **Martin Luther King, Jr. Federal Building 50 Walnut Street**
> **Newark, New Jersey**

Your rights may be affected by this Combined Plan and Disclosure Statement. You should consider discussing this document with an attorney.

**PLAN PROPONENT:**

/s/ Kevin V. Garlasco
Kevin V. Garlasco
Chapter 11 Debtor

**COUNSEL FOR THE DEBTOR**

David L. Stevens, Esq.
Scura, Wigfield Heyer & Stevens, LLP
P.O. Box 2031
1599 Hamburg Turnpike,
Wayne, NJ 07470

Dated: February 28, 2017

ii

# TABLE OF CONTENTS

SUMMARY OF THE PLAN…………………………………………………………….....    1

I.      BACKGROUND OF THE DEBTOR……………………………………………….    1
1.1     Filing of the Debtor's Chapter 11 Case……………………………………….....    1
1.2     Nature of the Debtor's Business………………………………………………….    1
1.3     Debtor's Assets……………………………………………………………….....    1
1.4     Debtor's Liabilities………………………………………………………….......    1
1.5     Current and Historical Conditions……………………………………………….    1
1.6     Events Leading to the Filing of the Bankruptcy Case………………………….    1
1.7     Significant Events During the Bankruptcy Case…………………………..............    2
1.8     Projected Recovery of Avoidable Transfers……………………………………....    2

II.     THE PLAN……………………………………………………………………….....    2
2.1     Unclassified Claims………………………………………………………..........    2
        A.      Administrative Expenses…………...…………..................................    4
        B.      Priority Tax Claims………………………………………………….....    5
2.2     Classes of Claims……………………………………………………………….    5
2.3     Estimated Number and Amount of Claims Objections……………………….......    9
2.4     Treatment of Executory Contracts and Unexpired………………………………    9
2.5     Means for Implementation of the Plan………………………………………..............    10
2.6     Disbursing Agent………………………………………………………............    10
2.7     Tax Consequences of Plan………………………………………….................    10
2.8     Risk Factor/Mitigating Factors…………………………………………….....    11

III.    FEASABILITY OF PLAN……………………………………………………….....    11
3.1     Ability to Initially Fund Plan …………………………………………………….    12
3.2     Ability to Make Future Plan Payments without Further Reorganization……………    12

IV.     LIQUIDATION VALUATION……………………………………………………....    12

V.      DISCHARGE……………………………………………………………………    12
5.1     Discharge …………………………………...……………….................................    12

VI.     GENERAL PROVISIONS……………………………………………………….    13
6.1     Title to Assets ……………………………………………………………….....    13
6.2     Binding Effect ………………………………………………………………….    13
6.3     Severability…………………………………………………………………….....    13
6.4     Retention of Jurisdiction by the Bankruptcy Court………………………………....    13
6.5     Captions……………………………………………………………………….....    13
6.6     Modification of Plan……………………………………………………………….    13
6.7     Final Decree………………………………………………………………….....    14
6.8     Material Default Defined………………………………………………………….    14

VII.    ATTACHMENTS………………………………………………………………...    14

VIII.    FREQUENTLY ASKED QUESTIONS…………………………………………....    15

IX.    DEFINITIONS……………...………………………………………………....    17

## SUMMARY OF THE PLAN AND DISTRIBUTIONS TO CREDITORS

The Debtor seeks to satisfy creditor claims, to extent allowed by the Bankruptcy Code, by way of employment wages.

## ARTICLE 1
## BACKGROUND OF THE DEBTOR.

### 1.1    Filing of the Debtor's Chapter 11 Case.

On November 2, 2015 the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code. This Chapter 11 case is pending in the United States Bankruptcy Court for the District of New Jersey.

### 1.2    Nature of the Debtor's Employment.

The Debtor is a wage earner employed by at Party Rental LTD for approximately four years.  He is presently in the position of store manager.  His position and employment is not expected to change and his income is anticipated to adjust only nominally during the life of the Plan.

### 1.3    Debtor's Assets.

The Debtor is the co-owner of real property located 114 Maitland Ave., Paramus, New Jersey.   The Debtor retains an interest in two corporate entities, Six G's and Princeton Laundry Inc. The Debtor's real and personal property and determination of values are identified on the Debtor's Schedules A and B of the petition and are attached hereto as Exhibit "A".

### 1.4    Debtor's Liabilities

Debtor's Liabilities are evidenced by Debtor's Schedules D, E, and F of the petition and are attached hereto as Exhibit "B".

### 1.5    Current and Historical Financial Conditions.

The Debtor's relevant financial data is attached hereto as Exhibit "C" and consists of a five-year cash flow projection and filed federal income tax returns.

### 1.6    Events Leading to the Filing of the Bankruptcy Case.

The Debtor is a shareholder in a laundry and dry cleaning business that ceased operating prior to the commencement of this bankruptcy case. Judgments were entered against the Debtor

1

pre-petition as a result of business debts that were personal guaranteed by him. In addition the Debtor was found to be a responsible person for unpaid tax obligation owed by the business entity. The Debtor was unable to pay the business debts and his wages were garnished by one creditor prior to the commencement of this case. This case was filed in order to stay wage executions and make necessary payments to creditors in the order of priority.

### 1.7    Significant Events During the Bankruptcy Case.

The Department of Treasury – Internal Revenue Service recovered payment from a co-obligor and as a result filed an amended proof-of-claim.   The claim was reduced from $204,798.48 to $8,627.38.

### 1.8    Projected Recovery of Avoidable Transfers

The Debtor investigated possible preference actions against creditors who may have received payments within the 90 day period prior to the Petition Date. After investigation there were no prospective claims identified.

## ARTICLE 2
## THE PLAN.

The Debtor's Plan must describe how its creditors will be paid. Certain claims are entitled to specific treatment under the Bankruptcy Code and are not placed in a class for purpose of payment. For example, Administrative Expenses are not classified.

As required by the Code, the Plan places claims in various classes and describes the treatment each class will receive. The Plan also states whether each class of claims is impaired or unimpaired. A claim can be impaired if the Plan alters the legal, equitable, or contractual rights to which the holder of the claim is otherwise entitled. If the Plan is confirmed, each creditor's recovery is limited to the amount provided in the Plan.

Only creditors in classes that are impaired may vote on whether to accept or reject the Plan, and only creditors holding Allowed Claims may vote. A class accepts the Plan when more than one-half (1/2) in number and at least two-thirds (2/3) in dollar amount of the Allowed Claims that actually vote, vote in favor of the Plan. A class that is not impaired is deemed to accept the Plan.

All injunctions or stays provided for in the bankruptcy pursuant to §§ 105 and 362 of the Bankruptcy Code or otherwise and in effect on the Confirmation Date shall remain in full force and effect until the Effective Date, unless otherwise  provided in the Plan.

### 2.1    Unclassified Claims.

2

Certain types of claims are automatically entitled to specific treatment under the Code. For example, Administrative Expenses and Priority Tax Claims are not classified. They are not considered to be impaired, and holders of such claims do not vote on the Plan. They may, however, object if, in their view, their treatment under the Plan does not comply with that required by the Code. As such, the Plan does not place the following Claims in any class:

A.    Administrative Expenses

The Debtor must pay all Administrative Expenses in full. If an Administrative Expense is disputed, the Bankruptcy Court must determine the validity and amount of the Administrative Expense, or in other words, "allow" the Administrative Expense. Any Administrative Expense that is undisputed and is due and owing on the Confirmation Date must be paid on the Effective Date of the Plan, or upon such other terms as agreed upon by the Debtor and the Administrative Expense is allows by the Bankruptcy Court.

There are several types of Administrative Expenses, including the following:

1.    If the Debtor receives goods or services in the ordinary course following his filing of the Chapter 11 Case, Creditors are entitled to be paid in full for the good or services provided. This debt incurred by the Debtor after Petition Date will be paid on an ongoing basis in accordance with the ordinary practices and terms between the Debtor and her Creditors.

2.    If the Debtor received goods he has purchased in the ordinary course of business within 20 days before the Petition Date, the value of the goods received is an Administrative Expense.

The following chart lists the Debtor's estimated Administrative Expenses (excluding fees and expenses owed to professionals retained by the Debtor during the course of his bankruptcy proceedings), and their proposed treatment under the Plan:

| Type | Estimated Amount Owed | Proposed Treatment |
|---|---|---|
| Expenses arising in the ordinary course of business after the Petition Date | $0.00 | Paid in full on the Effective Date, or according to the terms of the obligation, if later. |
| Administrative Tax Claim; | $0 | Paid in full on the Effective Date, or according to the terms of the obligation, if later. |
| The value of goods received in the ordinary course of business within 20 days before the Petition Date | $0.00 | Paid in full on the Effective Date, or according to the terms of the obligation, if later. |

| Clerk's Office fees | $0.00 | Paid in full on the Effective Date |
| Other Administrative Expenses | $0.00 | Paid in full on the Effective Date or according to separate written agreement. |
| United States Trustee Fees[1] | $325.00 | Paid in full on the Effective Date. |
| **TOTAL** | **$325.00** | |

3.      Administrative Expenses also include any post-petition fees and expenses allowed to professionals, including attorneys and accountants employed upon Bankruptcy Court authority to render services to the Debtor during the course of the Chapter 11 cases. These fees and expenses must be noticed to Creditors and approved by the Bankruptcy Court prior to payment

The following chart lists the Debtor's estimated fees and expenses owed to professionals, and their proposed treatment under the Plan:

| **Name/Role of Professional** | **Estimated Amount Owed** | **Proposed Treatment** |
|---|---|---|
| Scura, Wigfield, Heyer & Stevens 1599 Hamburg Turnpike Wayne, NJ 07470 | $12,000.00 | Paid in full on the Effective Date, or according to the terms of a separate written agreement. |
| **TOTAL** | **$12,000.00** | |

B.      Priority Tax Claims.

Priority Tax Claims are unsecured income, employment, and other taxes described by § 507(a)(8) of the Code. Unless the holder of such a § 507(a)(8) Priority Tax Claim agrees otherwise, it must receive the present value of such Claim, in regular installments paid [with interest as determined by applicable non-bankruptcy law] over a period not exceeding 5 years from the order of relief.

| **Name Of Government Entity with a Tax Claim** | **Estimated Amount Owed** | **Proposed Treatment** |
|---|---|---|

---

[1]      All fees required to be paid by 28 U.S.C. § 1930(a)(6) ("United States Trustee Fees") will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Bankruptcy Code. Any United States Trustee Fees owed on or before the Effective Date of this Plan will be paid on the Effective Date

4

| State of New Jersey | $425.00 | Paid in full on the Effective Date of the Plan. |
| Internal Revenue Service | $7,558.98 | The holder of this claim shall be paid the amount of its Allowed Priority Tax Claim including interest calculated at 3% interest per annum. Commencing on the first day of the month following the Effective Date of the Plan and each month thereafter for a total of sixty (36) consecutive months commencing from the Petition Date, the Debtor shall make monthly payments to the Disbursing Agent in an amount equal to one-sixtieth (1/36) of the amount claimed as priority, totaling $219.82 per month. The Disbursing Agent shall distribute the funds so paid by the Debtor to the holder of the Claim in this Class commencing five (5) months from the Debtor's initial monthly payment and quarterly thereafter for the duration of the 36 months. Prior to the Effective Date, payments to this Class will be made and held in an escrow account for the benefit of this creditor. |

## 2.2    Classes of Claims.

The following are the classes set forth in the Plan, and the proposed treatment that they will receive under the Plan:

A.    Classes of Secured Claims

Allowed Secured Claims are Claims secured by property of the Debtor's bankruptcy estate (or that are subject to setoff) to the extent allowed as secured Claims under § 506 of the Code. If the value of the collateral or setoffs securing the Creditor's Claim is less than the amount of the Creditor's Allowed Claim, the deficiency will be classified as a general unsecured Claim; provided, however, that the Debtor may modify a claim secured by a security interest in real property that is his or her principle residence.

Secured Claims are subject to the following treatment:

**Collateral to be Surrendered:** The Debtor will surrender the collateral securing the Secured Creditor's Claim on the Effective Date of the Plan. The Confirmation Order shall constitute an order granting relief from the automatic stay permitting the Secured Creditor to possess and dispose of their collateral. Any secured claim is deemed satisfied in full through surrender of the collateral. Any deficiency claim is a general unsecured claim. A Class of secured claims receiving this treatment is not impaired and is not entitled to vote on confirmation of the Plan.

5

**Rights Unaltered:** The Debtor will leave unaltered the Secured Creditor's contractual, legal, and equitable rights with respect to its collateral. A Class of secured claims receiving this treatment is unimpaired and is not entitled to vote on confirmation of the Plan.

**Continue Regular Monthly Payment and Pay Arrears Over Time:** The Debtor will pay the entire amount due by making all post-confirmation regular monthly payments, and by paying all pre-confirmation arrears (including attorneys' fees and late charges) with interest. Secured Creditors in a Class receiving this treatment may not possess or dispose of their collateral so as long as the Debtor is not in material default in performing his obligations under that Plan. A Class of secured claims receiving this treatment is impaired and is entitled to vote on confirmation of the Plan.

**Pay Amount Due in Full Over Time:** The Debtor will pay the entire amount with due interest through equal monthly payments. Secured Creditors in a class receiving this treatment may not possess or dispose of their collateral so long as the Debtor is not in material default in performing his obligation under the Plan. A Class of secured claims receiving this treatment is impaired and is entitled to vote on confirmation of the Plan.

**Pay Value of Collateral Over Time:** The Debtor will pay the amount of the underlying debt that is equal to the value of the collateral. The Debtor will pay this amount with interest from the Effective Debt of the plan through equal monthly payments.

If a lienholder disputes the value of the collateral asserted by the debtor, such lienholder must timely file an objection to confirmation, or the value stated by the Debtor will be determined to be the value of the collateral. Such objection shall be accompanied by competent evidence of value, which need not include an appraisal. If the value of the collateral is disputed, the Bankruptcy Court, after consultation with the parties, will schedule a hearing for a determination of value of the collateral.

Secured Creditors in a Class receiving this treatment may not possess or dispose of their collateral so long as the director is not in material default in performing his obligations under the Plan. A Class of secured claims receiving this treatment is impaired and entitled to vote on confirmation of the plan.

**1.      Classes of Secured Claims**

Secured claims are claims secured by liens on property of the estate.  The following lists all classes of creditors containing the holders of the Debtor's secured pre-petition claims and their treatment under this Plan:

| CLASS# | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| 1 | Class One consists of a Secured Claim held by the Toyota Motor Credit Corporation. This Creditor filed proof of claim No. 2 in the secured amount of $7,992.07 and an annual interest rate of 8.29% | Yes | The holder of this Allowed Secured Claim shall be paid the full amount of its secured claim including interest calculated at 6.5% interest per annum. The Creditor shall retain its lien to secure payment of its Allow Secured Claim. The Debtor shall make payments pursuant to its contractual rate obligation, illustrated in the Cash-Flow Projection annexed to this Plan as Exhibit "C". Each payment will include principal and interest.<br><br>The Secured Creditor will be enjoined post-confirmation of this Plan from taking any actions to foreclose, or otherwise enforce its security interest by any available judicial procedure, or the exercise of non-judicial self-help, unless allowed by further order of the Bankruptcy Court. |
| 2 | Class Two consists of a Secured Claim held by Bank of America. This Creditor retains a scheduled claim in the secured amount of $299,302. There are no pre- or post-petition arrears owed. | Yes | The Allowed Secured Claim of this Creditor shall be equal to the sum of the following, calculated as of the date of Confirmation: a) the sum of this holder's scheduled claim or allowed Proof-of-Claim (representing the aggregate principal, accrued and unpaid interest, and attorneys' fees); b) Subject to Section 506(b) of the Bankruptcy Code, accrued and unpaid post-petition interest calculated at the contract rate and any reasonable fees, costs or charges provided for under the agreement or state statute under which the claim arises; c) any amounts advanced by the holder of this claims post-petition for payment of real property taxes or insurance on the real property located at 114 Maitland Ave., Paramus, New Jersey; and c) decreased by any amounts paid to this holder as adequate protection pre-confirmation.<br><br>The property will be retained and the Allowed Secured Claim of this Creditor shall be paid in full 36 months following the Effective Date unless the Debtor elects to satisfy the Allowed Claim at an earlier date.<br><br>The holder of the Allowed Secured Claim in this Class shall be paid in full including interest calculated in accordance with originally contracted rate of interest. The holder shall retain its lien to secure payment of its Allowed Secured Claim.  The Allowed Secured Claim will be paid 36 monthly payments commencing on the first day of the month following the Effective Date of the Plan and each month thereafter for a total of thirty-six (36) consecutive months.  The monthly payments will be made directly to the holder in an amount equal the contractual rate of interest only without principal. |

7

| CLASS# | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| | | | Except as expressly modified by the Plan, or in accordance with the terms of any stipulation and/or order entered in these proceedings modifying the payment provisions the loan documents between the holder and the Debtor are ratified and shall remain in full force and effect, but the holder shall have the right to request that the Debtor execute new loan documents consistent with the provisions of this Plan.

The holder of the claim in this class will be enjoined post-confirmation of this Plan from taking any actions to foreclose, or otherwise enforce its security interest by any available judicial procedure, or the exercise of non-judicial self-help, unless allowed by further order of the Bankruptcy Court |
| 3 | Class Three consists of a Secured Claim held by Borough of Paramus. This Creditor retains a scheduled claim in the secured amount of $15,343, resulting from unpaid property taxes. | Yes | The holder of this Secured Claim shall be paid $12,531.86 including interest calculated at 6.5% interest per annum. Commencing on the first day of the month following the Effective Date of the Plan and each month thereafter for a total of thirty-six (36) consecutive months commencing from the Effective Date, the Debtor shall make monthly payments to the Disbursing Agent in an amount equal to one-thirty sixth (1/36) of the principal amount along with. The Disbursing Agent shall distribute the funds so paid by the Debtor to the holder of the Claim in this Class commencing five (5) months from the Debtor's initial monthly payment and quarterly thereafter for the duration of the 36 months.

The holder of the claim in this class will be enjoined post-confirmation of this Plan from taking any actions to foreclose, or otherwise enforce its security interest by any available judicial procedure, or the exercise of non-judicial self-help, unless allowed by further order of the Bankruptcy Court |

## 2.    Class of General Unsecured Claims

General unsecured claims are unsecured claims not entitled to priority under Code Section 507(a).  These claims are to be treated as follows:

| CLASS# | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|

| CLASS# | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| 4 | Class Four are holders of General Unsecured Claims, including allowed deficiency claims of creditors in prior classes and the claims of creditors not otherwise classified under the Plan. The scheduled amount of undisputed general unsecured claims is $780,846.05 | Yes | No later than June 15, 2019 the Debtor shall pay the sum of $135,000 to the Disbursing Agent to be distributed to undisputed, liquidated, non-contingent claims as scheduled or filed, subject to timely objection to the validity or extent of each claim and the claims of creditors not otherwise treated under the Plan (the "Allowed Unsecured Claims"). The Disbursing Agent shall t distribute the funds so paid by the Debtor to the holder of the Allowed Unsecured Claims on a pro-rata basis.<br><br>The source of funding for the $135,000 distribution to Class Four holders will be procured by a secured loan encumbering real property owned by the Debtor located at 114 Maitland Avenue, Paramus, the State of New Jersey. Confirmation of the Plan will serve as authorization for the post-confirmation financing. See section 2.5 concerning the terms of the post-confirmation financing. |

### 2.3    Estimated Number and Amount of Claims Objections.

The Debtor may object to the amount or validity of any Claim within 60 days of the Confirmation Date by filing an objection with the Bankruptcy Court and serving a copy of the objection on the holder of the Claim. The Claim objected to will be treated as a Disputed Claim under the Plan. If and when a Disputed Claim is finally resolved by the allowance of the Claim in whole or in part, the Debtor will pay the Allowed Claim in accordance with the Plan.

The Debtor has reviewed all proofs of claims. Debtor does not object to any claim at this time, but shall retain the right to dispute any proof of claim filed.

### 2.4    Treatment of Executory Contracts and Unexpired Leases.

Executory Contracts are contracts where significant performance of the contract remains for both the Debtor and another party to the contract. The Debtor has the right to reject, assume (i.e. accept), or assume and assign these types of contracts to another party, subject to the Bankruptcy Court's approval. The paragraphs below explain the Debtor's intentions regarding her Executory Contracts (which include its unexpired leases) and the impact such intentions would have on other parties to the contracts.

All executory contracts and unexpired leases which have not already been either assumed or rejected by order of this Court or listed in this Plan will be conclusively deemed to have been rejected upon the entry of the order confirming the Plan.

9

**THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE REJECTION OF A LEASE OR CONTRACT IS FIXED BY D.N.J. LBR 3003-1(b).** Any claim based on the rejection of an executory contract or unexpired lease will be barred if the proof of claim is not timely filed, unless the Court later orders otherwise.

### 2.5 Means for Implementation of the Plan.

The Plan will be funded from (i) funds on hand in the estate at the time of Confirmation; (ii) the Debtor's disposable monthly income as defined in 11 U.S.C. 1325(b)(2); and (iii) post-petition financing. The Debtor has made application with a mortgage lender and obtained a conditional approval for financing. The prospective financing requires two years of timely Plan payments; a debt-to-income ratio less than 50%; and a loan-to-value ratio of no more than 85%.

The Debtor will motion for approval of the proposed financing in the amount of $425,000.00 plus the amount than needed to satisfy Class One no later than May 1, 2019. The principal amount, together with all accrued but unpaid interest thereon and any and all other fees or charges payable in connection with the proposed financing shall be due and payable no sooner than 360 months from the date of funding. The proposed financing will be secured by real property owned by the Debtor and know as 114 Maitland Ave., Paramus, New Jersey. The real property is also the Debtor's principal residence.

As provided in Paragraph 2.1 of this Combined Plan and Disclosure Statement, all United States Trustee Fees accrued prior to the Effective Date shall be paid in full, on or before the Effective Date, by the Debtor or any successor to the Debtor. All United States Trustee Fees which accrue post-Effective Date shall be paid in full on a timely basis by the Debtor or any successor to the Debtor prior to the Debtor's case being closed, converted, or dismissed.

The Debtor believes that he will have enough cash on hand on the Effective date of the Plan to pay the United States Trustee Fees. Administrative Expenses shall be paid on the Effective Date or pursuant to agreements between the parties.

Upon Confirmation of the Plan, all property of the Debtor, tangible and intangible, including, without limitation, licenses, furniture, fixtures, and equipment, will revert, free and clear of all Claims and Equitable Interests except as provided in the Plan, to the Debtor.

### 2.6 Disbursing Agent.

The Debtor shall act as the disbursing agent for the purpose of making all distributions provided for under the Plan.

### 2.7 Tax Consequences of Plan

10

**A.      Tax Consequences of Plan**

CREDITORS AND INTEREST HOLDERS CONCERNED WITH HOW THE PLAN MAY AFFECT THEIR TAX LIABILITY SHOULD CONSULT WITH THEIR OWN ACCOUNTANTS, ATTORNEYS, AND/OR ADVISORS.

The following disclosure of possible tax consequences is intended solely for the purpose of alerting readers to possible tax issues this Plan may present to the Debtor. The Proponent CANNOT and DOES NOT represent that the tax consequences contained below are the only tax consequences of the Plan because the Tax Code embodies many complicated rules which make it difficult to state completely and accurately all the tax implications of any action.

Generally speaking, a holder of a Claim which is subject to taxation in the United States (a "Taxpayer-Claimant") will realize income or loss for federal and state income tax purposes if its Claim is paid, unless such income or loss has previously been recognized, to the extent that such a payment would have created income or loss if paid by the Debtor outside the jurisdiction of the Bankruptcy Court.

A Taxpayer-Claimant which receives nothing or less than the full amount with respect to its Claim will realize a loss for federal and state income tax purposes to the extent that the Taxpayer-Claimant's tax basis in the Claim exceeds its recovery, except to the extent that a loss with respect to such Claim has previously been recognized.

There are complex issues which arise whenever debt is not paid in full, and only a limited summary of the rules can be given here. Taxpayer-Claimants should consult with their own tax advisors as to the impact of these rules on their particular situation.

**2.8      Risk Factor/Mitigating Factors**

This plan is subject to, but not necessarily limited to, the following risks:

a) The Debtor will become unemployed before this plan has been consummated.

b) The Debtor will die before this plan has been consummated.

**ARTICLE 3**
**FEASIBILITY OF PLAN.**

The Bankruptcy Court must find that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor, unless such liquidation or reorganization is proposed in the Plan.

11

**3.1      Ability to Initially Fund Plan.**

The Plan Proponent believes that the Debtor will have enough cash on hand on the Effective Date of the Plan to pay expenses that are entitled to be paid on that date. Tables showing the amount of cash on hand on the Effective Date of the Plan, attached hereto as Exhibit "D".

**3.2      Ability to Make Future Plan Payments Without Further Reorganization.**

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments. The Plan Proponent believes this requirement is fulfilled whereas the Debtor will have enough case on hand on the Effective Date of the Plan to pay all the Claims and expenses that are entitled to be paid on that date, except as provided by separate written agreement.

Annexed hereto as Exhibit "C", is the Debtor's Cash Flow Analysis. The Cash Flow Analysis demonstrates that the Debtor is able to pay financial obligations as they come due, including tax obligations.

**You Should Consult with Your Accountant or other Financial Advisor If You Have Any Questions Pertaining to These Projections.**

**ARTICLE 4**
**LIQUIDATION VALUATION**

To confirm the Plan, the Bankruptcy Court must find that all Creditors who do not accept the Plan will receive at least as much under the Plan as such creditors would receive in Chapter 7 liquidation. A liquidation analysis is attached hereto as Exhibit "E".

**ARTICLE 5**
**DISCHARGE**

**5.1      Discharge**

Confirmation of this Plan does not discharge any debt provided for in this Plan until the Bankruptcy Court grants a discharge on completion of all payments under this plan, or as otherwise provided in § 1141(d)(5) of the Code.  The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

12

# ARTICLE 6
## GENERAL PROVISIONS.

### 6.1    Title to Assets.

Except as otherwise provided in the Plan or in the order confirming the Plan (i) confirmation of the Plan vests all of the property of the estate in the Debtor, and (ii) after confirmation of the Plan, the property dealt with by the Plan is free and clear of all Claims of Creditors of the Debtor except as provided for in the Plan.

### 6.2    Binding Effect

If the Plan is confirmed, the provisions of the Plan will bind the Debtor and all Creditors, whether or not they accept the Plan. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such an entity.

### 6.3    Severability.

If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

### 6.4    Retention of Jurisdiction by the Bankruptcy Court.

The Bankruptcy Court shall retain jurisdiction of this case with regard to the following matters: (i) to make such orders as are necessary or appropriate to implement the provisions of this Plan and to resolve any disputes arising from the implementation of the Plan; (ii) to rule on any modification of the plan proposed under section 1127; (iii) to hear and allow all applications for compensation to professionals and other Administrative Expenses; (iv) to resolve all issues regarding Claims objections, and issues arising from the assumptions/rejection of executory contracts or unexpired leases, and (v) to adjudicate any cause of action which may exist in favor of the Debtor, including preference and fraudulent transfer causes of action.

### 6.5    Captions.

The headings contained in this Plan are for conveniences of reference only and do not affect the meaning or interpretation of this Plan.

### 6.6    Modification of Plan

The Plan Proponent may modify the Plan at any time before confirmation of the Plan. However, the Bankruptcy Court may require a new disclosure statement and/or re-voting on the plan

Upon request of the Debtor, the United States Trustee, or the holder of an allow unsecured claim, the Plan may be modified at any time after the confirmation of the Plan, but before the completion of payments under the Plan, to (1) increase or reduce the amount of payments under the Plan on claims of a particular class, (2) extend or reduce the time period for such payments, or (3) alter the amount of distribution to a Creditor whose claim is provided for by the Plan to the extent necessary to take account of any payment of the claim made other than under the Plan.

### 6.7    Final Decree.

Once the estate has fully been administered, as provided in Rule 3022 of the Federal Rules of Bankruptcy procedure, the Plan Proponent, or such other party as the Bankruptcy Court shall designate in the Plan Confirmation Order, shall file a motion with the Bankruptcy Court to obtain a final decree to close the case. Alternatively, the Bankruptcy Court may enter such a final decree on its own motion.

### 6.8    Material Default Defined.

If the Debtor fails to make any payment required under the Plan, or to perform any other obligation required under that Plan for more than 14 days after the time specified in the Plan, the affected Creditor may serve upon the Debtor and the Debtor's attorney (if any) a written notice of default. The Debtor is in material default under the Plan if the Debtor fails within 21 days of service of such notice of default, plus three additional days if served by mail, either: (i) to cure the fault; or (ii) to obtain from the Bankruptcy Court an extension of time to cure the default or a determination that no default occurred.

## ARTICLE 7
## ATTACHMENTS

The following documents accompany the Combined Plan and Disclosure Statement [check those applicable, and list any other attachments here]:

[x]    Debtor's Schedules A and B, annexed as Exhibit A.
[x]    Debtor's Schedules D, E, and F, annexed as Exhibit B.
[x]    Debtor's Cash Flow Analysis, annexed as Exhibit C.
[x]    Debtor's Cash on Hand on the Effective Date, annexed as Exhibit D.
[x]    Liquidation Analysis, annexed as Exhibit E.

# ARTICLE 8
## FREQUENTLY ASKED QUESTIONS

**What Is the Debtor Attempting to Do in Chapter 11?** Chapter 11 is the principal reorganization chapter of the Bankruptcy Code. Under Chapter 11, a debtor attempts to restructure the claims held against it. Formulation and confirmations of al plan however, a debtor may propose a liquidating plan under Chapter 11. The plan is legal document which sets forth the manner and the means by which holders of claims against a debtor will be treated.

**If the Plan of Reorganization Is the Document That Governs How a Claim Will Be Treated, Why Am I Receiving This Combined Plan and Disclosure Statement?** In order to confirm a plan of reorganization [or liquidation], the Bankruptcy Code requires that a debtor solicit acceptances of a proposed plan, which it is doing with this Combined Plan and Disclosure Statement. If the creditors are satisfied with the information provided in the Plan and the terms of the Plan as proposed, and have voted for the Plan and returned the requisite number of ballots to counsel for the Debtor, the Bankruptcy Court may confirm the Plan as proposed by the Debtor.

**How Do I determine Which Class I Am In?** To determine the class of your claim or interest, you must first determine whether your claim is secured or unsecured. Your claim is secured if you have a validly perfected security interest in collateral owned by the Debtor. If you do not have any collateral, your claim is unsecured. The Table of Contents will direct you to the treatment provided to the class in which you are grouped. The pertinent section of the Plan dealing with that class will explain, among other things, who is in that class, what is the size of the class, what you will receive if the Plan is confirmed?   Section Two, Paragraph Two lists all classes of claimants and their types of claims.

**Why Is the Confirmation of a Plan of Reorganization Important?** Confirmation of the Plan is necessary because if the Plan is confirmed, the Debtor and all of his creditors are bound by the terms of the Plan. If the Plan is not confirmed, the Debtor may not pay creditors as proposed in the Plan while the Debtor remains in bankruptcy.

**What Is Necessary to confirm a Plan of Reorganization?** Confirmation of the Plan requires, among other things, the vote in favor of the Plan of two-thirds in total dollar amount and a majority in number of claims actually voting in each voting class. If the vote is insufficient, the Bankruptcy Court can still confirm the Plan, but only if certain additional elements regarding the ultimate fairness of the Plan the creditors are shown.

**Am I Entitled to Vote on the Plan?** Any creditor of the Debtor whose claim is IMPAIRED under the Plan is entitled to vote, if either (i) the creditor's claim has been scheduled by the Debtor and such claim is not scheduled as disputed, contingent, or unliquidated, or (ii) the creditor has filed a proof of claim on or before the late date set by the Bankruptcy Court for such filings. Any claim to which an objection has been filed (and such objection is still pending) is entitled to vote, unless the Bankruptcy Court temporarily allows the creditor to vote upon the

creditor's motion. Such motion must be heard and determined by the Bankruptcy Court prior to the date established by the Bankruptcy Court to confirm the Plan.

**How Do I Determine Whether I am in an Impaired Class?** Section 2.2 of the Plan identifies the classes of creditors whose claims are impaired. If your claim is impaired, your vote will be considered by the Bankruptcy Court.

**When Is the Deadline by Which I need to Return My Ballot?** The Plan is being distributed to all claim holders for their review, consideration, and approval. The deadline by which ballots must be returned is (To be determined by the Court). Ballots should be mailed to the following address:

David L. Stevens, Esq.
Scura, Wigfield, Heyer & Stevens LLP
1599 Hamburg Turnpike
Wayne, New Jersey 07470

**How Do I Determine When and How Much I Will be Paid?** In Section 2.2, the Debtor has provided both written and financial summaries of what it anticipates each class of creditors will receive under the plan.

16

# ARTICLE 9
## DEFINITIONS

**9.1**    The definitions and rules of construction set forth in §§ 101 and 102 of the Bankruptcy Code shall apply when terms defined or constructed in the Code are used in this Plan. The definitions the follow that are found in the Code are for convenience of reference only, and are superseded by the definitions found in the code.

**9.2**    **Administrative Claimant:** Any person entitled to payment of an Administration Expense.

**9.3**    **Administrative Convenience Class:** A class consisting of every unsecured claim that is less than or reduced to an amount that the Bankruptcy Court approves as reasonable and necessary for administrative convenience.

**9.4**    **Administrative Expense:** Any cost or expense of administration of the Chapter 11case entitled to priority under Section 507(a)(2) of Code and allowed under section 503(b) of the Code, including without limitation, any actual necessary expenses of preserving the Debtor's estate, any actual and necessary expenses incurred following the filing of the bankruptcy petition by the Debtor-in-Possession, allowances of compensation or reimbursement of expenses to the extent allowed by the Bankruptcy Court under the Bankruptcy Code, and any fees or charges assessed against the Debtor under Chapter 123, Title 28, United States Code.

**9.5**    **Administrative Tax Claim:** Any tax incurred pursuant to Section 503(b)(1)(B) of the Code

**9.6**    **Allowed Claim:** Any claim against the Debtor pursuant to Section 502 of the Code to the extent that: (a Proof of Claim was either timely filed or was filed late with leave of the Bankruptcy Court or without objection by the Debtor, and (b) as to which either (i) a party interest, including the Debtor, does not timely file an objection or (ii) is allowed by a Final Order.

**9.7**    **Allowed Priority Tax Claim:** A Priority Tax Claim to the extent that it is or has become an Allowed Claim, which in any event shall be reduced by the amount of any offsets, credits, or refunds to which the Debtor or Debtor-in-Possession shall be entitled on the Confirmation Date.

**9.8**    **Allowed Secured Claim:** Allowed Secured Claims are claims secured by property of the Debtor's bankruptcy estate (or that are subject to setoff) to the extent allowed as secured claims under § 506 of the Code.

**9.9**    **Allowed Unsecured Claim:** An Unsecured Claim to the extent it is, or has become, an Allowed Claim, which in any event shall be reduced by the amount of any offsets,

17

credits, or refunds to which the Debtor or Debtor-in-Possession shall be entitled on the Confirmation Date.

**9.10    Bankruptcy Code or Code:** The Bankruptcy Reform Act of 1978, as amended and codified as Title 11, United States Code.

**9.11    Bankruptcy Court:** The United States Bankruptcy Court for the District of New Jersey.

**9.12    Bankruptcy Rules:** The Federal Rules of Bankruptcy Procedure.

**9.13    Cash:** Cash, cash equivalents and other readily marketable securities or instruments issued by a person other than the Debtor, including, without limitation, readily marketable direct obligations of the United States of America, certificates of deposit issued by banks and commercial paper of any entity, including interest accrued or earned thereon.

**9.14    Chapter 11 Case:** This case under chapter 11 of the Bankruptcy Code in which Kevin V. Garlasco is the Debtor-in-Possession.

**9.15    Claim:** Any "right to payment from the Debtor whether or not such a right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, unsecured; or any right to an equitable remedy for future performance if such breach gives rise to a right of payment from the Debtor, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, disputed, undisputed, secured, or unsecured." 11 U.S.C. § 101(5).

**9.16    Class:** A category of holders of claims or interests which are substantially similar to the other claims or interests in such class.

**9.17    Committee:** Any Committee of Creditors appointed by the United States Trustee in the chapter 11 case pursuant to Section 1102 of the Bankruptcy Code.

**9.18    Confirmation:** The entry by the Bankruptcy Court of an order confirming this Combined Plan and Disclosure Statement.

**9.19    Confirmation Date:** The Date upon which the Bankruptcy Court shall enter the Confirmation Order; provided however, that if on motion the Confirmation Order or consummation of the Plans is stayed pending appeal, then the Confirmation Date shall be the entry of the Final Order vacating such stay or the date on which such stay expires and is no longer in effect.

**9.20    Confirmation Hearing:**   The hearing to be held on a date to be provided by the Court to consider confirmation of the Plan.

**9.21    Confirmation Order:** An order of the Bankruptcy Court or any amendment thereto confirming the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

**9.22    Creditor:** Any person who has a Claim against the Debtor that arose on or before the Petition Date.

**9.23    Debtor** and **Debtor-in-Possession:**  Kevin V. Garlasco is the Debtor and the Debtor-in-Possession in this Chapter 11 Case.

**9.24    Disclosure Statement:** The Disclosure Statement served by the Plan Proponent in connection with this Plan.

**9.25    Disputed Claim:** Any claim against the Debtor pursuant to Section 502 of the Code that the Debtor has in any way objected to, challenged or otherwise disputed.

**9.26    Distributions:** The property required by the plan to be distributed to the holders of Allowed Claims.

**9.27    Effective Date:** The effective date shall be the day on which the Confirmation Order becomes a Final Order.

**9.28    Executory Contracts:** All unexpired leases and executory contracts as described in Section 365 of the Bankruptcy Code.

**9.29    Final Order:** An order or judgment of the Bankruptcy Court that has not been reversed, stayed, modified, or amended and as to which (a) any appeal that has been taken has been finally determined or dismissed, or (b) the time for appeal has expired and no notice of appeal has been filed.

**9.30    IRC:** The Internal Revenue Code.

**9.31    Petition Date:** November 2, 2015, the date the Chapter 11 petition for relief was filed.

**9.32    Plan** This Combined Plan and Disclosure Statement, either in its present form or as it may be altered, amended, or modified from time to time.

`    **9.33    Plan Proponent:**  The individual or entity that has filed this Combined Plan and Disclosure Statement.

**9.34    Priority Tax Claim:** Any Claim entitled to priority in payment under Section 507(a)(8) of the Bankruptcy Code.

19

**9.35    Reorganized Debtor:** The Debtor after the Effective Date.

**9.36    Schedules:** Schedules and Statement of financial Affairs, as amended, filed by the Debtor with the Bankruptcy Court listing liabilities and assets.

**9.37    Secured Creditor:** Any Creditor that holds a Claim that is secured by property of the Debtor.

**9.38    Unsecured Creditor:** Any Creditor that holds a Claim in the Chapter 11 case which is not a secured Claim.

Respectfully submitted,

Scura, Wigfield, Heyer & Stevens, LLP

By: /s/ David L. Stevens
       David L. Stevens

20