**SCURA, WIGFIELD, HEYER,
STEVENS & CAMMAROTA, LLP**
1599 Hamburg Turnpike
Wayne, New Jersey 07470
Tel.: 973-696-8391
dstevens@scura.com
David L. Stevens (Attorney ID 034422007)
*Counsel for Kevin V. Garlasco*

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| *In re:*<br><br>KEVIN V. GARLASCO,<br><br>　　　　　　　　　　DEBTOR. | Case No. 15-30676 (JKS)<br><br>Chapter 11<br><br>Hon. Judge John K. Sherwood<br><br>Hearing Date: 08/07/2018 @ 10 A.M.<br><br>*Oral Argument Not Requested Unless Timely Obj. is Filed* |

### DEBTOR'S MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. § 350(A) AND F.R.B.P. 3022 ISSUING A FINAL ORDER CLOSING THE CASE

Kevin V. Garlasco (prior to the Effective Date [as defined below], the "Debtor" and after the Effective Date, the "Reorganized Debtor") hereby submits this motion (the "Motion") for entry of an order pursuant to sections 105(a) and 350(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), closing the Reorganized Debtor's Chapter 11 case. In support of this Motion, the Reorganized Debtor respectfully represents as follows:

**JURISDICTION AND VENUE**

This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a) and 350(a) of the Bankruptcy Code, along with Bankruptcy Rule 3022 and Local Rule 3022-1(a).

**BACKGROUND**

On November 2, 2015 (the "Petition Date"), the Debtor commenced a voluntary case under Chapter 11 of the Bankruptcy Code. On March 25, 2018 the Court entered an order (the "*Confirmation Order*") [Docket Entry 91] confirming the Individual Amended Chapter 11 Plan of Reorganization dated December 12, 2017 (the "*Plan*") [Docket Entry 76].

The Plan provided that, upon fully administering the bankruptcy estate and substantial consummation of the Plan, the Debtor would file a motion pursuant to Section 350 of the Bankruptcy Code seeking a final decree.. In this case, the Chapter 11 case has been "fully administered" within the meaning of section 350 of the Bankruptcy Code, and the Plan has been substantially consummated because (a) the Confirmation Order has become final and non-appealable; (b) the Debtor has emerged from Chapter 11 as a reorganized entity; (c) all property proposed to be transferred under the Plan has been transferred; (d) on and after the Effective Date, the Reorganized Debtor assumed the management of the property dealt with by the Plan; (e) there are no pending adversary proceedings or contested matters in the Chapter 11 case; (f) the claims administration process has been completed; and (g) distributions to creditors in each class under the Plan have commenced.

**RELIEF REQUESTED**

By this Motion, the Reorganized Debtor seeks, pursuant to section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1, entry of a final decree order, in the form of the proposed order, filed simultaneously with this Motion, closing the Chapter 11 case.

**BASIS FOR RELIEF REQUESTED**

Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered, and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, also provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

The term "fully administered" is not defined in the Bankruptcy Code or the Bankruptcy Rules. The 1991 Advisory Committee Note to Bankruptcy Rule 3022 does, however, set forth the following non-exclusive factors a court should consider when determining whether an estate has been fully administered: (a) whether the order confirming the plan has become final; (b) whether deposits required by the plan have been distributed; (c) whether the property proposed by the plan to be transferred has been transferred; (d) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan; (e) whether payments under the plan have commenced; and (f) whether all motions, contested matters, and adversary proceedings have been finally resolved. *See* Advisory Committee's Note to Fed. R. Bankr. P. 3022; *see e.g., In re Union Home & Indus. Inc.*, 375 B.R.

912, 916 (B.A.P. 10th Cir. 2007) (recognizing that bankruptcy courts weigh the Advisory Committee Note factors in deciding whether to close a case); *In re Johnson*, 402 B.R. 851, 856 (Bankr. N.D. Ind. 2009) (same).

The Advisory Committee's Note, however, is silent as to the number of factors required to be satisfied before a Chapter 11 bankruptcy case is deemed fully administered. Although bankruptcy courts often apply the factors described above, these factors simply serve as a guide to assist in the determination of whether a case is fully administered. Failure to completely satisfy all factors will not prevent a case from being fully administered. *See Walnut Assocs. v. Saidel*, 164 B.R. 487, 493 (E.D. Pa. 1994); *In re Mold Makers*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990) ("[A]ll of the factors in the Committee's Note need not be present before the Court will enter a final decree. Instead, the Committee's Note and the factors merely serve as a guide in assisting the Court in its decision to close a case."). Indeed, the Editors' Comment to Bankruptcy Rule 3022 describes it as "a flexible rule to permit the court to determine that an estate is fully administered and should be closed even though payments or other activities involving the debtor and its creditors might continue." *In re Gould*, 2010 WL 3834344, at *4 (D. Conn. Sept. 30, 2010) (*quoting* Fed. R. Bank. P. 3022 ed. cmt.). As a result, courts have suggested that substantial consummation *alone* is sufficient for entry of a final decree. *In re BankEast Corp.*, 132 B.R. 665, 668 (Bankr. N.H. 1991) ("This court deems a chapter 11 estate to be 'fully administered' pursuant to Bankruptcy Rule 3022 at the point of substantial consummation as defined by § 1101(2) of the Bankruptcy Code") *In re Consol. Pioneer Mortg. Entities*, 248 B.R. 368, 379 (9th Cir. B.A.P. 2000) (indicating that entry of a final decree would be appropriate if a plan were substantially consummated).

Of course, Local Rule 3022-1 supports the conclusion that substantial consummation alone is satisfactory for entry of a final decree closing a Chapter 11 case. Local Rule 3022-1 provides, in relevant part, that "[t]he clerk shall close a chapter 11 case 180 days after entry of a final order confirming a plan." D.N.J. LBR 3022-1(a).

Here, the Chapter 11 case has been "fully administered" within the meaning of section 350 of the Bankruptcy Code, and the Plan has been substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code, because the Debtor has commenced distributions to creditors as per the Plan, making it appropriate for the Court to enter a final decree closing the case. Among other things: (a) the Confirmation Order has become final and non-appealable; (b) the Debtor has emerged from Chapter 11 as a reorganized entity; (c) all property proposed to be transferred under the Plan has been transferred; (d) on and after the Effective Date, the Reorganized Debtor assumed the management of the property dealt with by the Plan; (e) there are no pending adversary proceedings or contested matters in the Chapter 11 case; (f) the claims-administration process has been completed; and (g) distributions to creditors in each class under the Plan have commenced. Thus, the foregoing factors support the closure of the Reorganized Debtor's Chapter 11 case.

Furthermore, the entry of a final decree closing the Chapter 11 case is without prejudice to creditors' rights to petition the Court to reopen the Reorganized Debtor's Chapter 11 case pursuant to section 350(b) of the Bankruptcy Code.

All fees payable pursuant to section 1930 of title 28 of the United States Code ("U.S. Trustee Fees") with respect to the Chapter 11 case have been paid or will be paid in the amounts due within thirty days of closure of the Chapter 11 case, and the Reorganized Debtor will

complete any remaining quarterly reports with respect to the Chapter 11 case on or before such date.

In light of the foregoing, the Reorganized Debtor submits that ample justification exists for entry of a final decree closing the case of Kevin V. Garlasco.

## NOTICE

Notice of this Motion will be provided by regular mail to the U.S. Trustee and all creditors who have filed a request for notice under Bankruptcy Rule 2002 and Local Rule 9013-1. Furthermore, the Reorganized Debtor submits that no other or further notice is necessary and that notice of this Motion complies with Local Rule 3022-1(b).

## CONCLUSION

WHEREFORE, the Reorganized Debtor respectfully requests the Court to enter the Order closing the Chapter 11 case and granting to the Reorganized Debtor such other and further relief as the Court may deem just and proper.

SCURA, WIGFIELD, HEYER,
STEVENS & CAMMAROTA, LLP
Counsel to the Debtor

Dated: July 16, 2018            By: /s/ David L. Stevens_____
                                    David L. Stevens